## WACHENHEIMER BROS., Inc., v. LERNER et al.

(District Court, D. Rhode Island. November 4, 1925.)

No. 224.

**Patents ☞328—1,219,683, for chain for use in jewelry art, valid and infringed.**

Wachenheimer and Davis patent, No. 1,-219,683, March 20, 1917, claims 2, 3, and 4, for chain adapted to use in jewelry art, in construction of bracelets, rings, and necklaces, *held* valid and infringed.

In Equity. Patent infringement suit by Wachenheimer Bros., Inc., against Harry Lerner and another. Decree for plaintiff.

Herbert B. Barlow, of Providence, R. I., for plaintiff.

Isadore Horenstein, of Providence, R. I., for defendants.

BROWN, District Judge. Infringement is charged of letters patent 1,219,683, issued March 20, 1917, on application filed February 8, 1916, by Wachenheimer and Davis. The plaintiff corporation has succeeded to the rights of the firm of Wachenheimer Bros., of Providence, R. I., assignees of the applicants and joint inventors, Wachenheimer and Davis.

The patent relates to chains especially adapted for use in the jewelry art, in the construction of bracelets, rings, necklaces, and the like. Claims 2, 3, and 4 are in suit:

"2. An article of the character described, comprising a plurality of solid block links and a plurality of rectangular connecting links pivotally joining said block links adjacent to the bottom thereof.

"3. An article of the character described, comprising a plurality of block links and a plurality of connecting links, each of said block links being provided at each end with an arm embracing an adjacent connecting link.

"4. An article of the character described, comprising a plurality of block links and a plurality of connecting links, each of said block links being provided at each end with an arm flush with said end, and each of said connecting links being provided with means embraced by the arms on two adjacent block links."

The chain is composed of two distinct types of members, one a block link having two arms, one at each end thereof, flush with the ends. These arms engage a second member, i. e., a connecting link for two adjacent block links; the arms of two adjacent block

links embracing or partially surrounding portions of the connecting link. This gives to the chain a desirable amount of longitudinal flexibility. The specification states:

"Another object of the invention is to produce a chain which is simple in construction and inexpensive to manufacture, and which is composed of a series of links which are so constructed as to enable them to be easily and quickly attached to or removed from the chain."

The drawings show the mechanical construction of parts which may be manufactured inexpensively, are readily assembled without the use of solder, and give strength and great flexibility to a chain composed thereof.

Mr. Wachenheimer, one of the joint inventors and patentees, testified that he had knowledge of the type of bracelet illustrated by the patent to Wacha, 1,153,362, September 14, 1915, and that his object was to improve upon that construction by using a connecting link, separate from the block links.

In Wacha the block links are formed with but one arm for engagement with an adjoining link, and on the opposite side with a recess to receive the single arm of an adjacent block unit. There is no separate connecting link. The plaintiff claims that it improves upon Wacha by providing, instead of a single pivotal point, two pivotal points between each of the adjacent links, thus securing greater flexibility. The plaintiff also contends that by his loose-link connection with two pivotal points he has entirely overcome the liability to breakage, which is incident to a construction in which a single arm upon one of the links engages a recess upon the adjacent block unit; in other words, that by the use of his separate connecting link, a member not shown in the Wacha patent, he makes his structure more flexible and more resistant to breakage, as well as easier to manufacture and assemble.

The defendant contends that, in view of the Wacha patent and of the prior art, as exhibited in patents to Cottle, 391,883; to Bagnall, 926,089; and to Clark, 1,214,135—the plaintiff has accomplished nothing which any mechanic skilled in the art could not do.

I am of the opinion, however, that the references which the defendant makes to patents as illustrative of the prior art are insufficient to overcome the presumption of validity arising from the issue of the patent in suit. On the contrary, they tend to show that the improvement of the patent in suit was not obvious, but required some inventive ability. The file wrapper, moreover, indicates a careful scrutiny of the plaintiff's claims in the patent office. While there is a slight difference in construction between the plaintiff's and defendants' devices, it is evident that the defendant has appropriated the substantial features of the invention of the patent in suit, and that the differences are trivial, and not sufficient to avoid the claims in suit. I am of the opinion that the patent is valid, and that the claims in suit are infringed by the defendant.

The plaintiff may present a draft decree accordingly.